JACKSON BREWING CO.,

VS

JOSEPH DI LEO

**7317**

NO. 7317.

CHARLES F. CLAIBORNE, JUDGE.

May 20th. 1918

**7317**

CHARLES F. CLAIBORNE, JUDGE.

This is a contest between an attaching creditor and a creditor pretending to be a pledge creditor.

On March 25th. 1915, A. Patorno & Son filed suit against Di Leo, issued an attachment, and seized the contents of a bar-room, all except the State and City licenses which could not be found. On the same day, the plaintiff herein, alleging that it was the pledgee of the two licenses held by defendant to carry on the saloon business and entitled to a privilege thereon, sued the defendant and obtained an order for the sequestration of the two licenses. The defendant could not be found and was not cited.

Later on, the two licenses were surrendered to the Sheriff for seizure. By consent of both seizing creditors the licenses were sold and the proceeds are now in the Sheriff's hands.

The plaintiff herein took a rule against A. Patorno & Son and others, claiming rights on said proceeds, to show cause why the Civil Sheriff should not turn over to it the proceeds of said sale.

The defendant was not made a party to said rule.

The rule was made absolute and A. Patorno & Son have appealed.

We have failed to see in the record any judgment in favor of A. Patorno & Son or of the plaintiff herein the Jackson Brewing Company, and we are informed that there is none.

As we have stated before, the defendant Joseph Di Leo was not cited in this case, nor in the rule to distribute the proceeds of sale of the licenses alleged to be his property, nor did he make any appearance. Under the circumstances we fail to perceive how any judgment can be rendered affecting

174

his property. "A judgment rendered against a party who has neither been cited nor appeared is. an absolute nullity which may be invoked by any one interested". 1 H. D. 245. Our only course is to remand the case. C. P. 906.

It is therefore ordered that the judgment herein rendered on January 2nd. 1918 be reversed and avoided and that this case be remanded to be proceeded with according to law, the costs of appeal to be paid by the plaintiff herein, and the costs of the District Court to await the final determination of the cause.

May 20th. 1918.